UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

_____
                                        )
KEVIN J. KIELY, ESQ.,                   )
                                        )
Plaintiff,                              )
                                        )   Case No. 1:15-cv-10204-DLC
    v.                                  )
                                        )
JOHN CANTY,                             )
                                        )
Defendant.                              )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

**I.   INTRODUCTION**

The Court should remand this state-law Complaint to the Superior Court of Essex County, Massachusetts, where Plaintiff Kevin J. Kiely, Esq. (hereinafter, "**Plaintiff**" or "**Kiely**") originally filed it. Kiely makes only one claim in his Complaint, a request for a declaratory judgment under Massachusetts law that he is not a proper party to an arbitration pending at JAMS.

Defendant John Canty (hereinafter, "**Defendant**" or "**Canty**") removed the Complaint claiming federal question jurisdiction on the basis of his Answer to the Complaint, counterclaims he asserted under federal law, and an arbitration agreement to which Kiely is not a party. Canty did not claim that the Complaint itself was removable and he did not claim that Kiely's Complaint arises under federal law. As Judge Woodlock recently explained in *Schwesinger v. Hurley*, 2014 WL 1311756 (D. Mass. Mar. 31, 2014), where Plaintiff's claim arises under state – not federal – law, there exists no federal subject matter jurisdiction, and the existence of an

1

arbitration agreement does not create an independent basis for jurisdiction. As a result, since there is no federal question jurisdiction, this case should be remanded.

## II. BACKGROUND

This dispute arose from a suit American Express Bank FSB ("AmEx Bank") filed in Dudley District Court in 2012 against Defendant Canty alleging monies owed pursuant to a line of credit contained in a Business Capital Line Premium Agreement between Canty and AmEx Bank (the "Agreement," *see* Exhibit A to Canty's Notice of Removal). Attorney Kiely is not a party to the Agreement. Rather, he represented AmEx Bank in its District Court suit against Defendant Canty.

On January 14, 2014, Canty filed an arbitration action with JAMS according to the arbitration clause in the Agreement. On July 14, 2014, the Dudley District Court entered a judgment of dismissal ending the District Court action.

Canty moved to join Kiely as a party to the JAMS arbitration. Before he was represented by counsel, Kiely filed an Opposition to Canty's Motion for Joinder. Kiely cited the governing Massachusetts decision, *Walker v. Collyer*, 85 Mass.App.Ct. 311 (May 23, 2014), in which the court declined to compel a non-signatory to an arbitration agreement to arbitrate. The *Walker* court explained that, regardless of whether the Massachusetts Arbitration Act or the Federal Arbitration Act governs the underlying dispute, traditional principles of Massachusetts contract law determine whether non-signatories can be compelled to arbitrate. 85 Mass.App.Ct. at 315 (citing *Grand Wireless, Inc. v. Verizon Wireless, Inc.* 748 F.3d 1, 12 n. 26 (1st Cir. Mar. 19, 2014)). Nevertheless, the JAMS arbitrator granted Defendant Canty's Motion for Joinder.

On January 7, 2015, after retaining counsel, Kiely filed a Complaint in Superior Court in Essex County seeking a declaratory judgment that he is not a proper party to the pending

arbitration, according to the Massachusetts Arbitration Act.  G.L. c. 251.  The Massachusetts statute creates a procedure to seek a stay of arbitration where a party claims there is no agreement to arbitrate.[1]

In his state court Complaint Kiely also cited to *Walker v. Collyer*, which clearly states that the question of arbitrability is a "gateway dispute" for the court – not the arbitrator – to decide. 85 Mass.App.Ct. at 317; see Complaint at ¶ 18.  According to precedent cited in *Walker*, the statutory procedure involves an expedited hearing on arbitrability.  *Id*. at 318.

On January 7, 2014, the same day he filed his Complaint, Kiely filed in the Superior Court a Motion for Expedited Hearing On Arbitrability and Staying the Arbitration as to Plaintiff Kiely Pending Further Order of the Court, and Memorandum of Law in Support, which are attached hereto as Exhibits A and B.[2]  On January 16, 2015, the Superior Court scheduled a hearing for January 27, 2015, to Show Cause why Kiely's motion should not be granted.  *See* Order of Notice, attached hereto as Exhibit C.

On January 26, 2015, the day before the Show Cause hearing, Canty filed his Notice of Removal, contending removal is proper based on federal question jurisdiction under 28 U.S.C. § 1331, and based on supplemental jurisdiction under 28 U.S.C. § 1367.  In his Notice of Removal, he incorrectly characterized Kiely "as a bound party to an arbitration agreement" that he argues is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (hereinafter, 'FAA').  Notice of Removal, ¶ 3.  On February 3, 2015, Canty filed an Answer, in which he argues that the FAA,

---

[1] "Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily determined, and if the court finds for the applicant it shall order a stay of arbitration; otherwise the court shall order the parties to proceed to arbitration."  G.L. c 251, § 2(b).

[2] Canty did not oppose the motion, rather, he filed his Notice of Removal.

not the Massachusetts Arbitration Act, governs the dispute.[3] He also filed several Counterclaims in which he alleges three violations of other federal laws.

As shown below, and as Judge Woodlock made clear in *Schwesinger*, because Plaintiff's well-pleaded complaint does not assert any claim arising under the Constitution, laws or treaties of the United States, there is no federal question jurisdiction. Furthermore, the removal statute does not provide for supplemental jurisdiction based upon counterclaims when there is no original jurisdiction to be had over the claim in the first instance.

## III.  GOVERNING STANDARD

"Removal statutes are to be strictly construed against removal, and doubts resolved in favor of remand. Moreover, the burden is upon the removing party to show that federal subject matter jurisdiction exists…and that removal is proper." *Schwesinger v. Hurley*, 2014 WL 1311756 at *2 (D. Mass. Mar. 31, 2014) (quoting *T & K Asphalt Services, Inc. v. DDRC Gateway, LLC*, 2013 WL 5550512, at *3 (D. Mass. Oct. 8, 2013)); *see also In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F.Supp.2d 109, 116 (D. Mass. 2006).

## IV.  ARGUMENT

### a.  Removal is Improper Based on the "Well-Pleaded Complaint Rule" Because the Complaint Contains Only A State Law Claim.

A state-court action may be removed to federal court if it qualifies as a "civil action…of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a). To invoke federal question jurisdiction, such

---

[3] Defendant Canty concedes that there is substantial disagreement whether the pending arbitration is governed by the FAA. Notice of Removal, ¶ 3. There has been no indication in the arbitration thus far suggesting the arbitrator, Retired Judge Cratsley, has conducted the proceedings according to the FAA; rather, he has followed the Rules of the American Arbitration Association.

a civil action may be removed only if it is "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A).  Kiely's state court Complaint does not arise under the Constitution or any federal law, and Canty makes no suggestion that it does.

Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983) (describing the well-pleaded complaint rule); *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal).  For proper removal, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Franchise Tax Bd.* at 10-11 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).

Kiely's Complaint asks the state court to adjudicate the question of arbitrability under the Massachusetts Arbitration Act.  According to Massachusetts law, in order to compel Kiely to arbitrate, Massachusetts courts require "clear and unmistakable evidence of intent."  *Walker*, 85 Mass.App.Ct. at 317 (citing *Massachusetts Hy. Dept. v. Perini Corp.*, 83 Mass.App.Ct. 96, 100-101 (2013)).  Where one party did not personally sign the agreement, the *Walker* court found no "clear and unmistakable" evidence of intent to delegate questions of arbitrability to the arbitrator. 85 Mass.App.Ct. at 318; *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally…should apply ordinary state-law principles that govern the formation of contracts.").

5

In *Schwesinger v. Hurley*, *supra*, the defendants sought to remove a state court case that alleged only state law causes of action in the same way Defendant Canty attempts here: claiming federal jurisdiction on the basis of the FAA.  Judge Woodlock correctly granted the motion to remand:

> As the United States Supreme Court has explained, "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law. Congress has not authorized removal based on a defense or anticipated defense federal in character." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). *See also [Franchise Tax Bd.*, *supra*, 463 U.S. at 27-28] (a case will "arise" under federal law only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.")… Here, each of the claims asserted by the Plaintiffs arises under state – not federal – law. Thus, on the face of the complaint, there exists no federal subject matter jurisdiction.

*Schwesinger*, 2014 WL 1311756 at *2-3.

Further, under the American dual sovereign system, the plaintiff is the "master to decide what law he will rely upon." *Danca*, 185 F.3d at 4 (1st Cir. 1999) (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).  "Plaintiff has the prerogative to rely on state law alone although both federal and state law may provide a cause of action."  *Id*. (citing *Caterpillar Inc.*, 482 U.S. at 392).  Kiely's complaint does not implicate the FAA in any way whatsoever.  Kiely's reliance only on Massachusetts state law in his Complaint forecloses Canty's right to remove, because a federal court does not have jurisdiction over a case in which the complaint presents only a state-law cause of action.  *Franchise Tax Bd.*, 463 U.S. at 10 ("[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law.")(emphasis in original).

Neither Canty's argument that the FAA applies – rather than Massachusetts law as Kiely asserts – nor Canty's assertion of federal law counterclaims is relevant to whether Kiely's cause of action "arises under" the Constitution, federal law or U.S. treaties.

### b. The Mere Existence of an Arbitration Agreement Does Not Create an Independent Basis for Federal Question Jurisdiction under the Federal Arbitration Act.

Canty also claims jurisdiction on the basis of an agreement containing an arbitration clause. However, Judge Woodlock also correctly ruled that "the existence of an arbitration agreement does not create an independent basis for subject matter jurisdiction… As the Supreme Court has explained, the FAA 'does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331…or otherwise.'" *Schwesinger*, 2014 WL 1311756 at *3 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.* 460 U.S. 1, 25 n. 32 (1983)). Moreover, the arbitration agreement in *Schwesinger* was signed by both parties, whereas here Plaintiff Kiely is not a party to the agreement containing an arbitration clause.[4]

Lastly, Defendant Canty purports to invoke original jurisdiction because three of his claims in the pending arbitration allege Kiely's violation of federal law. Notice of Removal, ¶ 5; Complaint Exhibit 1, pp. 8-10. He also purports to invoke supplemental jurisdiction, arguing that the remainder of his arbitration claims are related to the federal law claims. Notice of Removal, ¶ 6. Canty's attempts to invoke jurisdiction on the basis of his counterclaims must fail. "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002).

---

[4] Canty incorrectly argues that Kiely "refers to and relies on the arbitration provision" within the Agreement. Notice of Removal, ¶ 4. In fact, Kiely's complaint alleges exactly the opposite: because Kiely is a non-signatory to the Agreement, he is not a proper party to the arbitration. Rather, the Agreement provided Kiely the basis to invoke state court jurisdiction, pursuant to G.L. c. 251, § 2(b), since there is no agreement to arbitrate. Federal law is no different. Federal courts apply state law standards to determine whether there is an agreement to arbitrate. *See*, *e.g.*, *Campbell v. General Dynamics Govt. Sys. Corp.*, 407 F.3d 546, 552 (1st Cir. 2005).

### c. Plaintiff Kiely is Entitled to Attorney's Fees.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Schwesinger*, 2014 WL 1311756 at *5. Here, Canty's attempt at removal lacked any "objectively reasonable" basis, as Kiely's well-pleaded complaint relies entirely upon state law. Canty filed the Notice of Removal on the eve of a scheduled state-court hearing – timing which "strongly suggests that the notice of removal was nothing other than a transparent attempt to stave off a day of reckoning" for this Defendant. *Id*. (citing to *Harvard Real Estate-Allston, Inc. v. KMART Corp.*, 407 F.Supp.2d 317, 322 (D. Mass. 2005)("The justification for an award of attorney's fees is especially strong in a case such as this where, on a spurious basis, the defendant delayed the summary process procedure by invoking the removal procedures of the federal court."). Accordingly, reasonable attorney's fees and costs should be awarded to Plaintiff.

## V. CONCLUSION

For the foregoing reasons, this Court does not have subject matter jurisdiction over this action. Accordingly, Kiely respectfully requests that this Court grant this Motion, and issue an order remanding this case in its entirety to Superior Court, Essex County, Massachusetts, and award him reasonable attorney's fees and costs.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KEVIN J. KIELY, ESQ. |
|  | By his attorneys, |
| Dated: February 13, 2015 | /s/ *Damian R. LaPlaca*_____ |
|  | Damian R. LaPlaca, BBO# 551369 |
|  | Richard L. Levine, BBO# 297040 |
|  | dlaplaca@nkmlawyers.com |
|  | rlevine@nkmlawyers.com |
|  | NELSON KINDER + MOSSEAU PC |
|  | Two Oliver Street, 10th Floor |
|  | Boston, MA 02109 |
|  | (617) 778-7500 (Tel.) |
|  | (617) 778-7501 (Fax) |

## CERTIFICATE OF SERVICE

I, Damian R. LaPlaca, hereby certify that on this 13th day of February, 2015, I served all parties of record with a true copy of the foregoing document by virtue of transmitting the same to the Court via the ECF system.

/s/ *Damian R. LaPlaca*
Damian R. LaPlaca