# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

ESSEX ss.                                                                SUPERIOR COURT
                                                                         CIVIL ACTION NO.
                                                                         15-0014

KEVIN J. KIELY, ESQ.,                )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )
                                     )
JOHN CANTY,                          )
                                     )
    Defendant.                       )
                                     )

## PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON ARBITRABILITY AND STAY OF ARBITRATION

Plaintiff Kevin J. Kiely, Esq., by and through his attorneys, Nelson Kinder + Mosseau PC, respectfully moves this Court to grant an expedited hearing on whether he is subject to the pending arbitration brought by Defendant John Canty, and to stay the arbitration only insofar as it involves Plaintiff Kiely. In support thereof, Plaintiff states as follows:

1. This case arose from a suit American Express Bank FSB ("AmEx Bank") filed in 2012 against Defendant Canty alleging monies owed pursuant to a line of credit contained in a Business Capital Line Premium Agreement between Canty and AmEx Bank (the "Agreement"). Plaintiff Kiely represented AmEx Bank in that District Court lawsuit.

2. Plaintiff Kiely is not a signatory to the Agreement.

3. On January 14, 2014, Defendant Canty filed an arbitration action according to the Arbitration clause in the Agreement. On July 14, 2014, the Dudley District Court entered a

1

judgment of dismissal upon a motion to compel arbitration. *See* Exhibit A attached to this Motion.

4. The arbitration is ongoing at JAMS in Boston (Case Reference No. 1400014758), presided over by Hon. John C. Cratsley (Retired), Arbitrator.

5. On July 21, 2014, Defendant Canty moved to join Plaintiff Kiely as a party to the arbitration. *See* Exhibit B. On August 14, 2014, Plaintiff Kiely opposed the motion. *See* Exhibit C.

6. Arbitrator Cratsley approved the joinder in a decision dated September 22, 2014. *See* Exhibit D. In large part, Arbitrator Cratsley relied on a letter that Mr. Kiely wrote to the Dudley District Court stating that AmEx Bank assented to the arbitration. *See* Exhibit E.

7. The arbitration provision provides as follows: "Any Claim shall be resolved, upon the election by you or us, by arbitration pursuant to this Arbitration Provision and the code of procedures of the national arbitration organization to which the Claim is referred in effect at the time the Claim is filed (the "Code"), except to the extent the Code conflicts with this Agreement. Claims shall be referred to either the National Arbitration Forum ("NAF") or the American Arbitration Association ("AAA"), as selected by the party electing to use arbitration…" Complaint Exhibit 2 at p. 3 (under subheading "Initiation of Arbitration Proceeding/Selection of Administrator").

8. The Agreement expressly includes that the following persons will be a party to an arbitration: "any corporate parent, or wholly or majority owned subsidiaries, affiliates, any licensees, predecessors, successors, assigns, any purchaser of any accounts, all agents, employees, directors and representatives of any of the foregoing, and other persons referred to below in the definition of 'Claims.'" *Id.* Under "claims," third parties are listed, including "debt

service collectors and all of their agents, employees, directors and representatives." *Id.* Attorneys either for AmEx Bank or for Canty are not included as parties to an arbitration.

9.  The Agreement defines "Claim" to mean "any claim, dispute, or controversy between you and us arising from or related to your Account…" Complaint Exhibit 2 at p. 3 (under subheading "Definitions"). "Claim" also includes "debt service collectors and their agents." Id.

10. Plaintiff Kiely retained Nelson, Kinder + Mosseau PC in November of 2014 to defend him in the pending arbitration.

11. In a December 22, 2014 conference call with the parties, counsel for Plaintiff Kiely informed the Arbitrator and the parties that he intended to file an action in Superior Court to challenge whether Kiely can be compelled to be a respondent in the pending arbitration. On December 23, 2014, Arbitrator Cratsley entered a further Scheduling Order stating that "Counsel for Respondent Kevin Kiely shall file any petition/motion for judicial review of the Arbitrator's decision to join Attorney Kevin Kiley (sic) in this Arbitration, with copies to all parties and the Arbitrator, by Monday January 12, 2015. Should Counsel for Respondent Kevin Kiley (sic) seek a stay of this Arbitration in association with the petition/motion for judicial review, this request shall also be filed, with copies to all parties and the Arbitrator, by Monday, January 12, 2015." *See* Exhibit F.

12. The question whether a non-signatory to an agreement to arbitrate is a "'gateway dispute' that was an issue for the court, and not the arbitrator, to decide in the first instance." *Walker v. Collyer*, 85 Mass.App.Ct. 311, 317 (May 23, 2014). A copy of *Walker v. Collyer* is attached as Exhibit G.

13. As set forth in the accompanying Memorandum of Law, Plaintiff Kiely objects to his being compelled to arbitrate under the Agreement. Specifically, he objects to the arbitrator's

jurisdiction to decide whether Kiely, as a non-signatory to the Agreement, can be compelled to arbitrate.

14. The Superior Court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate. G.L. c. 251, § 2(b).

15. When there is a dispute as to a material fact, "the judge conducts an expedited evidentiary hearing on the matter and then decides the issue." *McInnes v. LPL Financial, LLC*, 466 Mass. 256, 261 (2013) (citing *St. Fleur v. WPI Cable Sys./Mutron*, 450 Mass. 345, 353 (2008)). When "there is not such a dispute, the judge resolves the issue as a matter of law." *Id.*

16. A proposed form of Order staying this matter as to Plaintiff Kiely pending further order of the Court is attached as Exhibit H.

WHEREFORE, for the reasons stated in the Complaint and the accompanying Memorandum of Law, Plaintiff requests that this Honorable Court grant this Motion for Expedited Hearing on Arbitrability, staying the arbitration as to Plaintiff Kiely pending further order of the Court, and any other relief it deems necessary and just.

Respectfully submitted,

KEVIN J. KIELY, ESQ.

By his attorneys,

Dated: January 6, 2015

_____
Damian R. LaPlaca, BBO# 551369
Richard L. Levine, BBO# 297040
dlaplaca@nkmlawyers.com
rlevine@nkmlawyers.com
NELSON KINDER + MOSSEAU PC
Two Oliver Street, 10th Floor
Boston, MA 02109
(617) 778-7500 (Tel.)
(617) 778-7501 (Fax)

4