UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| KEVIN J. KIELY, ESQ., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-CV-10204-DLC |
| | ) | |
| JOHN CANTY | ) | |
| | ) | |
| Defendant | ) | |

ORDER ON PLAINTIFF'S MOTION FOR REMAND (#11)

April 30, 2015

CABELL, U.S.M.J.

This matter arises in the context of a larger, broader dispute involving principally the Defendant, John Canty, and American Express Bank FSB ("American Express"). American Express sued the Defendant in the state district court to collect an alleged outstanding debt. The Plaintiff, Kevin Kiely, was American Express' attorney in the district court lawsuit, but he was not a named party to the lawsuit itself. American Express and the Defendant subsequently agreed to dismiss the lawsuit and arbitrate their dispute. In initiating the arbitration proceeding, however, the Defendant reframed the dispute to cast himself as the claimant and American Express as the respondent, and he added the Plaintiff as a respondent. The Plaintiff brought suit in the state superior court for declaratory relief and a stay under Massachusetts' arbitration statute. The Defendant in turn removed the complaint to federal court. The Plaintiff argues this Court has no jurisdiction to adjudicate his complaint and he seeks remand to the state court. Having considered the record, the memoranda and arguments of counsel, and the law, I find that

the Court does have jurisdiction over this complaint. However, I decline in my discretion to hear this matter and will accordingly grant the motion to remand the case to the state superior court. The Plaintiff's request for an award of attorneys' fees and costs is denied. The reasons for these rulings are explained below.

### I. Factual History

On December 21, 2012, American Express filed a complaint against the Defendant in the district court in Dudley, Massachusetts (the "district court lawsuit"). The complaint did not articulate a specific statutory or common law cause of action, but it alleged that the "Defendant owes the Plaintiff the sum of $20,482.07 for monies owed pursuant to the use by the Defendant of a credit card issued by the Plaintiff...." The Plaintiff was not a party to the district court lawsuit. He was, however, American Express' attorney of record and thus filed the complaint on American Express' behalf.

American Express and the Defendant agreed over time to arbitrate their dispute and the district court ultimately allowed a motion to compel arbitration and to dismiss the district court lawsuit without prejudice. On January 15, 2014, to initiate the arbitration process, the Defendant served on American Express a demand to arbitrate their dispute through JAMS.[1] However, the arbitration demand significantly re-framed the nature of their dispute in three significant ways. First, the Defendant reversed the posture of the parties and he listed himself as the claimant and American Express as the respondent. Second, the Defendant broadened the nature of the dispute well beyond the simple debt collection claim by stating his intent to file a claim alleging "state and federal consumer protection violations, credit reporting violations and the violation of other federal and state statutes...." Third, the Defendant added two new entities as respondents,

---

[1] JAMS is a large, international private alternative dispute resolution provider.

2

including an entity named American Recovery Services, Inc. (ARSI), and, notably, the Plaintiff himself.

On May 13, 2014, the Defendant formally filed his notice of claims with JAMS. As foretold by his initial demand for arbitration, the Defendant's notice of claims alleged that American Express, ARSI and the Plaintiff had each violated several state and federal laws in their dealings with the Defendant, including, in particular: (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (RICO); (2) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; and (3) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

On August 7, 2014, the Defendant moved in the arbitration proceeding to formally add ARSI, the Plaintiff and two other individuals as respondent parties. On September 22, 2014, the arbitrator allowed the motion to join ARSI and the Plaintiff, but otherwise denied it.

On December 15, 2014, the Defendant filed an amended notice of claims which sought among other things to enlarge the scope of the underlying dispute to include two other of the Defendant's American Express accounts. At least one of these accounts had already been the subject of a state superior court lawsuit in which American Express had obtained a favorable verdict, which, at the time, was the subject of a pending appeal. The arbitrator would subsequently deny the Defendant's request to amend his claims to include these accounts.

Thus, as of the end of 2014, the Plaintiff was a party to an arbitration proceeding that contained at least three federal claims.

On January 6, 2015, the Plaintiff filed a complaint in the Essex County Superior Court in an effort to extricate himself from the arbitration. The complaint sought a declaratory judgment under M.G.L. c. 251, § 2(b), a provision of the Massachusetts Uniform Arbitration Act (MUAA), that the Plaintiff was not bound by the arbitration agreement between American Express and the

3

Defendant. The complaint also asked the court to enjoin the arbitration pending a ruling. The superior court scheduled an expedited hearing for January 27, 2015, and subsequently rescheduled it to February 5, 2015. The arbitrator, aware of the imminent hearing, stayed the arbitration pending the outcome.

On January 26, 2015, the Defendant removed the superior court action to federal court before the hearing could take place.

On February 13, 2015, the Plaintiff moved to remand the matter to the superior court on the ground that the Court has no jurisdiction to adjudicate a claim for declaratory relief pursuant to Massachusetts law.

On February 23, 2015, the Defendant filed a multifaceted "Amended Answer and Counterclaims and Petition to Compel Arbitration of Counterclaims." Among other things, the Defendant averred that the Court does have jurisdiction over the complaint because the parties' underlying dispute involves several federal claims. The Defendant also asserted several counterclaims that essentially mirrored his arbitration claims, but which additionally encompassed the two other American Express accounts the arbitrator had refused to add to that proceeding. The Defendant also asked the Court to compel the Plaintiff to participate in the arbitration, and lastly asked the Court to stay litigation of the Defendant's counterclaim action pending the outcome of the arbitration proceeding.

**II. Discussion**

A case may be removed to federal district court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). As the party seeking to remove, the Defendant has "the

burden of demonstrating the existence of federal jurisdiction." *In re Pharmaceutical Indus. Average Wholesale Price Litigation*, 431 F. Supp. 2d 109, 116 (D. Mass. 2006) (citing *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir.1997)). "[T]he removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." *Id*. (citing *Danca v. Private Health Care Sys., Inc*., 185 F.3d 1, 4 (1st Cir. 1999)).

The Defendant avers that the Court has federal jurisdiction under 28 U.S.C. § 1331, which gives federal courts "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States," because the complaint seeks to adjudicate whether the Plaintiff may be compelled to participate in an arbitration that involves several federal claims. The governing standard for determining if a case "arises under" federal law is the well-pleaded complaint rule. *Phillips Petroleum Co. v. Texaco Inc.,* 415 U.S. 125, 127-128 (1974). Typically, this means that jurisdiction is ascertained from looking at the face of the state court complaint that triggered the removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983) (superseded on other grounds as stated in *Morda v. Klein*, 865 F.2d 782, 783 (1989)). Here, the state court complaint does not allege any federal claims and, on the contrary, refers only to Massachusetts' arbitration statute. On its face, then, the complaint presents no federal question. Were the analysis to end there, as the Plaintiff argues it should, we would conclude that there is no federal question jurisdiction.

The analysis does not end there, however. There are exceptions to the practice of looking solely at the complaint to determine whether an action arises under federal law. *See e.g., Danca*, 185 F.3d at 4 (noting that a state law claim that implicates an area of federal law may in some circumstances be deemed federal no matter how pleaded). In actions such as this one where the

5

complaint seeks a declaratory judgment, the proper inquiry is to look at the action the declaratory judgment defendant could have brought to obtain the same result the Plaintiff seeks to avoid, and to ask whether federal question jurisdiction would have been present had he done so. *Great Clips, Inc. v. Hair Cuttery of Great Boston, LLC*, 591 F.3d 32, 35 (1st Cir. 2010) ("In a declaratory action, the familiar well-pleaded complaint rule asks whether there would 'necessarily' be federal jurisdiction 'if the declaratory judgment defendant brought a coercive action [corresponding to the declaration sought] to enforce its rights.'")(citing *Franchise Tax Bd.*, 463 U.S. at 19 (1983)); *see also Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.,* 697 F.3d 59, 68 (2nd Cir. 2012)(explaining that it is proper to look beyond plaintiff's declaratory judgment complaint to see whether federal question would have been raised had defendant initiated the action). Similarly, where a party seeks to compel or enjoin an arbitration proceeding, the proper inquiry is to look beyond the pleading "to the underlying controversy to determine whether it is predicated on an action that 'arises under' federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009); *PCS 2000 LP v. Romulus Telecomms*, 148 F.3d 32, 35 (1st Cir. 1998) (explaining that, for purposes of determining subject matter jurisdiction, a request to stay an arbitration is treated the same as a petition to compel arbitration).

Applied here, it is plain that the complaint arises under federal law whether the complaint is viewed as a request for declaratory relief or as a motion to enjoin the arbitration. If viewed as a complaint for declaratory relief, the proper inquiry is to consider what action the Defendant would have brought had he initiated an action to compel the Plaintiff to arbitrate. Similarly, if the complaint is viewed as a motion to enjoin the arbitration, the inquiry would involve looking beyond the complaint to the parties' arbitration dispute and its underlying claims. The result would be the same in either case because the analysis would come to focus on the Defendant's

arbitration claims and whether they involve a question of federal law. Because there is no question that the arbitration claims explicitly allege violations of various federal laws, it necessarily follows that this Court would have had jurisdiction over this matter had it originally been brought here. I find, therefore, that the Court does have jurisdiction over this matter.[3]

### III. The Court Exercises Its Discretion to Decline to Adjudicate the Complaint

The fact that federal question jurisdiction exists does not end the inquiry, however. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 516 U.S. 277, 288 (1976). Where a complaint solely seeks declaratory relief, the Court "has substantial discretion to decline to enter a declaratory judgment." *CE Design, Ltd. v. Amer. Economy Ins. Co.*, 947 F. Supp. 2d 151, 158 (D. Mass. 2012) (citations omitted); *Schmidt v. Amer. Commerce Ins. Co.*, No. C11-1457 MJP, 2011 WL 5570306 (W.D. Wash. Nov. 16, 2011) (noting applicability of this rule to cases removed from state courts). Factors that guide the analysis of whether to decline to enter a declaratory judgment include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of

---

[3] The Defendant also argues that federal question jurisdiction could be based on the ground that the complaint seeks to remove the Plaintiff as a party to an arbitration that is governed by federal (rather than state) law, that is, the Federal Arbitration Act. 9 U.S.C. § § 1-16 (the FAA). It is not necessary to consider this argument in light of the foregoing, but even assuming for the sake of argument that federal rather than state law governed the arbitration, which is not at all clear from the record, that fact alone would not confer subject matter jurisdiction over the complaint. *Schwesinger v. Hurley,* No. 13-cv-11436, 2014 WL 1311756, *3 *(*D. Mass. Mar. 31, 2014) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 25 n. 32 (1983)( "[T]he FAA 'does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331.'").

7

> law; and (4) whether the federal action is being used merely as a device for 'procedural fencing,'

*CE Design, Ltd.*, 947 F. Supp. 2d at 158 (citing *U.S. Liab. Ins. Co. v. Wise*, 887 F. Supp. 348, 350 (D. Mass. 1995)). On balance, these factors weigh against the Court exercising its jurisdiction in this case.

To begin, while it is true that the arbitration demand raises federal claims, the arbitrator will address the merits of those claims. The sole issue raised in the complaint is whether the Plaintiff can be compelled to arbitrate as a non-signatory to the arbitration agreement. That is a question of Massachusetts state contract law regardless of whether the arbitration clause is governed by the FAA or the MUAA. *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 12 n. 26 (1st Cir. 2014); *Walker v. Collyer*, 85 Mass. App. Ct. 311, 315, 9 N.E.3d 854 (2014). The state's interest in resolving issues arising under its own contract law is demonstrably strong. By contrast, "no federal interests are promoted by deciding [a] state law claim in this Court." *Praetorian Specialty Ins. Co. v. She-Key, Inc.,* No. 10-1949, 2010 WL 4739520, *3 (D.N.J. Nov. 16, 2010). Moreover, a "federal district court should avoid needless determinations of state law." *Catholic Foreign Mission Society of America, Inc. v. Arrowood Indemnity Co.*, No. CIV 14-00420, 2014 WL 7404603, *7-8 (D. Haw. Dec. 30, 2014) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991)). This factor thus weighs strongly in favor of remand.

Remanding the complaint would also promote a more efficient resolution of this dispute. Massachusetts law sets out a specific procedure for summarily determining arbitrability issues, at M.G.L. c. 251, § 2(a). As the Supreme Judicial Court of Massachusetts has explained, "To 'proceed summarily' [under section 2(a)] means that a judge determines whether there is a dispute as to a material fact; and, if there is not such a dispute, the judge resolves the issue as a

8

matter of law; but, if there is such a dispute, the judge conducts an expedited evidentiary hearing on the matter and then decides the issue." *McInnes v. LPL Fin., LLC*, 466 Mass. 256, 261, 994 N.E.2d 790 (2013) (internal quotations and citation omitted). The Plaintiff invoked that efficient procedure here and the superior court quickly responded by scheduling a hearing. By design, the hearing would have promptly resolved the issue and allowed the arbitration to resume, and there is every reason to believe that that is what would have occurred had the complaint not been removed to this Court. Although Fed. R. Civ. P. 57 does allow for a "speedy hearing" of declaratory judgment actions, my lesser familiarity with this case (as compared to the state superior court) and the Defendant's request for a jury trial mean that, practically speaking, the superior court is better positioned to quickly and efficiently resolve the matter.

Remanding the case would also help to avoid an unnecessary entanglement of the federal and state systems. Although the complaint on its face is fairly narrow and seeks only to address the issue of whether Plaintiff is bound to arbitrate, it arises in the context of a broader robust litigation that involves several additional parties and claims, and two courts in addition to the arbitration forum. In that regard, the Defendant seeks through removal to involve this Court to a degree that goes substantially beyond the role the superior court was to play. More specifically, he asks through his pleadings (and as clarified at oral argument) that the Court: (1) reverse the arbitrator and allow the Defendant to include in the arbitration the previously excluded additional American Express accounts; (2) allow the Defendant to litigate in federal court the very same claims he seeks to arbitrate; but also (3) permit the Defendant to await the outcome of the arbitration before deciding whether to litigate those claims. Indulging these requests would needlessly inject the Court into both the superior court and arbitration matters, effectively position the Court as the sword of Damocles over the arbitrator and arbitration respondents, and

9

ultimately provide the Defendant with a potential second bite at the apple should he be displeased with any aspect of the arbitration. Further, involving the Court in matters underlying the arbitration could potentially result in court rulings that might adversely affect the interests of the other arbitration respondents, which might in turn inject them into a federal court proceeding. There is no need to tempt any of these fates. This factor thus additionally weighs against the exercise of federal jurisdiction.

Lastly, there is no evidence the Defendant is seeking to improperly use the federal action to gain some advantage.

As a result of the consideration of the foregoing factors, as well as notions of fairness, efficiency and the arbitrator's prior rulings, I am of the view that the issues before the Court are best left to the superior court and arbitrator to consider and resolve. I thus decline to adjudicate the Plaintiff's complaint or any subsequently filed pleadings.

In so holding, I reject the Defendant's argument that I should treat his counterclaims and petition to compel as independent claims and retain jurisdiction over them in the event of a remand. There is a significant difference in the removal/remand context between a plaintiff's claims and a defendant's counterclaims and blurring that distinction would violate the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims or defenses asserted by them. *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989). Similarly, allowing reliance on the counterclaims alone to establish federal question jurisdiction would "undermine the clarity and ease of administration of the well-pleaded complaint doctrine…." *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832 (2002). Courts accordingly have rejected similar arguments. *See, e.g., KeyBank NA v. Katahdin Communs., Inc.*, No. CV-10-141, 2010 WL 2361692, *2-3 (D. Maine Jun. 9,

2010) (no independent jurisdiction to hear counterclaim alleging RICO violation where complaint was remanded); *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624 (D.N.J. 2009) (remanding cross-complaint containing federal claim where complaint was remanded because it presented no federal question).

Moreover, where I have specifically chosen in remanding the matter to decline to adjudicate the issue of whether Plaintiff can be compelled to arbitrate, it would be illogical and self-defeating to retain jurisdiction over counterclaims which ask me to do just that. The Defendant's reliance on *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849 (9th Cir. 2011) is misplaced. The court there held only that the district court was required, before remanding a complaint, to resolve a pending motion that had a jurisdictional basis independent of the complaint, and did not address the wholly separate issue of whether a court could or should retain jurisdiction over counterclaims after remanding the complaint.

## IV. The Plaintiff's Request for Fees and Costs Is Denied

The Plaintiff requests an award of attorneys' fees and expenses under 28 U.S.C. §1447(c). "The Supreme Court has explained that an award of fees [under this section] is neither automatic nor presumptive." *Schwesinger*, 2014 WL 1311756 at *5. "'Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id*. (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, (2005)). Here, the Defendant had a legitimate basis for believing that federal question jurisdiction existed and he removed before the time to file his answer in state court had elapsed. Removal was not unreasonable under these circumstances. The Plaintiff's request for fees and costs is accordingly denied.

## V. Conclusion

In light of the foregoing, the Plaintiff's Motion for Remand (11) is GRANTED.  All outstanding motions and petitions are terminated as a result and the case and all files herein are remanded to the Massachusetts Superior Court for further proceedings.

*/s/ Donald L. Cabell*
Donald L. Cabell
United States Magistrate Judge